DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Rex A. Worthy has appealed from his conviction for carrying a concealed weapon. This Court affirms.
 I.
On September 5, 1998, at approximately 6:00 p.m., Detective Crystal Bowen of the Akron police department was driving westbound on Maple Street in an unmarked police car. While she was stopped at a traffic light, she noticed a black male driving a dark green Chevy Blazer matching the description of a vehicle used in a robbery that occurred in the area approximately a week prior. She noted the license plate number and called the dispatch officer to have a marked police car make a traffic stop of the vehicle.
Officer Sherman and Officer Vaughn responded and effectuated the traffic stop. Detective Bowen and the two officers approached Defendant's vehicle together. After asking Defendant for his driver's license, Officer Vaughn noticed that the vehicle did not have any door handles on the outside. Due to a concern that the Defendant would attempt to drive away and the officers would not be able to stop him, Officer Vaughn asked Defendant to step out of the vehicle.
Officer Jackson and Officer McHenry arrived on the scene as Officer Vaughn was having Defendant exit the vehicle. Officer Jackson walked up to the vehicle and stood beside the driver's side door facing the rear of the vehicle. Officer McHenry stood on the passenger side of the vehicle. As Officer Jackson was standing beside the vehicle, he looked through the open window and noticed a leather gun case in the front seat area of the vehicle. Officer McHenry also noticed the case and asked Officer Jackson if it was a gun case. Officer Jackson reached into the vehicle and picked up the case, which was partially unzipped. Based on the weight of the case, Officer Jackson believed that there was a gun in the case. He lifted up the unzipped portion of the flap, looked into the case, and saw a gun. Officer Jackson alerted the other officers that Defendant had a weapon, and Defendant was arrested.
On September 10, 1998, Defendant was indicted for carrying a concealed weapon, in violation of R.C. 2923.12. Defendant moved the trial court to suppress the evidence on the grounds that it was obtained in violation of his Fourth Amendment rights. After a hearing, the trial court denied his motion. Defendant withdrew his not guilty plea and entered a plea of no contest. The trial court found him guilty and sentenced him accordingly. Defendant timely appealed, asserting one assignment of error.
 II. The trial court erred when it denied [Defendant's] motion tosuppress in violation of the Fourth Amendment of theU.S. Constitution and Section 14, Article 1 of the Ohio [C]onstitution.
In his sole assignment of error, Defendant has essentially asserted two arguments. First, Defendant has asserted that the Akron police officers did not have sufficient specific and articulable facts to initiate a traffic stop. Second, Defendant has asserted that the Akron police officers did not have sufficient specific and articulable facts to search his vehicle.
 A. The Initial Stop
Defendant has contended that his Fourth Amendment rights were violated when the police officers stopped his vehicle; therefore, any evidence obtained as a result of the stop must be suppressed. This Court disagrees.
The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." However, police may, under certain circumstances, stop persons in the absence of probable cause. United States v. Hensley (1985), 469 U.S. 221, 226,83 L.Ed.2d 604, 610. The United States Supreme Court has held that if police officers have a reasonable suspicion that a person they encounter was involved in or wanted in connection with a completed felony, the officers may make an investigative stop. Id. at 229,83 L.Ed.2d at 612.
In order to justify the stop, the officer must be able to point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio (1968), 392 U.S. 1, 21, 20 L.Ed.2d 889,906. When addressing the question of reasonable suspicion to make a traffic stop, this court must review the trial court's determinations de novo. Ornelas v. United States (1996),517 U.S. 690, 699, 134 L.Ed.2d 911, 920. A reviewing court should, however, review findings of fact only for clear error and give due weight to inferences drawn from those facts by trial courts and law enforcement officers. Id.
At the suppression hearing, Detective Bowen testified that she was investigating a robbery, which occurred at the Belaire Cleaners located on the corner of Copley Road and Storer Avenue in Akron, Ohio. As a result of her investigation, she learned that a black male wearing a stocking cap and black gloves approached the store manager, told him that he had a gun and requested all of the money out of the cash register. She testified that although the manager never saw the gun, he told the robber to help himself to the money. The manager told Detective Bowen that the robber took the money and fled in a green Chevy Blazer.
The manager described the vehicle to Detective Bowen as an older, "box-type" Chevy Blazer that was dark green. The vehicle had the word Chevrolet going across the back of it. The manager also told Detective Bowen that the vehicle had tinted windows and the tires were "a little flat." Detective Bowen testified that Defendant's vehicle fit the description of the vehicle used in the robbery. She also testified that she noted that the vehicle was operated by a black male. Based on the similarities between the vehicles, Detective Bowen suspected that Defendant may have been involved in the robbery.
After reviewing the record, this Court concludes that Detective Bowen had a reasonable suspicion based on specific and articulable facts that Defendant may have been involved in the robbery of Belaire Cleaners. Accordingly, the stop of Defendant's vehicle was not unreasonable. Defendant's first argument is without merit.
 B. The Search of Defendant's Vehicle.
Defendant has also argued that the evidence obtained as a result of the warrantless search of his vehicle must be suppressed because none of the judicially recognized exceptions to the warrant requirement were present. This Court disagrees.
The "plain view" doctrine is a well-established exception to the warrant requirement. State v. Williams (1978), 55 Ohio St.2d 82,84.
 In order for evidence to be seized under the plain view exception to the search warrant requirement it must be shown that (1) the initial intrusion which afforded the authorities the plain view was lawful; (2) the discovery of the evidence was inadvertent; and (3) the incriminating nature of the evidence was immediately apparent to the seizing authorities.
Id. at paragraph one of the syllabus. In State v. Halczyszak
(1986), 25 Ohio St.3d 301, the Ohio Supreme Court modified the second and third requirements set out in Williams. The Court noted that the "inadvertent discovery" requirement can be satisfied if the police "lack antecedent probable cause, i.e., an advance particularized knowledge of, or intent to seize, those objects ultimately seized." Halczyszak, 25 Ohio St.3d at paragraph two of the syllabus. The "immediately apparent" requirement can be satisfied when police officers have "probable cause to associate an object with criminal activity." Id. at paragraph three of the syllabus. Police officers may rely on their specialized knowledge, training and experience when determining whether an object is associated with criminal activity. Id. at paragraph four of the syllabus.
In the case at bar, this Court has already determined that the initial stop was lawful; therefore, the first requirement ofWilliams was met. From Officer Jackson's position beside Defendant's vehicle, he happened to notice the case in the front seat of the vehicle through the open window. Thus, the second requirement of Williams was met. Finally, Officer Jackson testified that, based on his past experience, he knew that the case was a gun case; therefore, the third requirement of Williams
was met. Because the item was in plain view, the seizure of the gun did not violate Defendant's Fourth Amendment rights. Defendant's second argument is without merit. Accordingly, his assignment of error is overruled.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE FOR THE COURT SLABY, P.J., BATCHELDER, J., Concur